Per Curiam.

It does not lie with the defendant to object to the alienism of the lessor of the plaintiff; for the interest granted to Culverhouse was not forfeited, so as to vest the title in the people of the state, until after office found ; "(Co. 53, Page's case ; Powell on Devises, 317; 7 T. R. 398; 1 Bac. Abr. 81, 133 ;) and until then, he was competent to hold the land against third persons. Even if the defendant could make this objection, yet the lessor of the plaintiff having been naturalized, that naturalization has a retroactive effect, so as to be deemed a waiver of all liability to forfeiture, and a confirmation of his former title.(a) (2 Bl. Comm- 249, 250. Co. Lift. 8 a. Ibid. 129 a. 4 Bl. Comm. 381, 482.) Whether the conveyance to Hunn, therefore, be considered as vesting the estate in Culverhouse, by force of the statute of uses, or not, it is immaterial to inquire, provided the deed from *478 Hunn' to Culverbouse,' was sufficient to vest 'the" legal estate. As this release recites the trust, and 'was for [*402] *the further consideration of ten shillings, we think' it a good conveyance. The words are sufficient to raise a use in favor, of: Culverhoúse, and the consideration ought, to determine the effect of a deed more than the formal words used' in it. A release may operate as a grant, (Shep. Touch. 82; Cowp. 599; 2 Wilson,. 275 ;) and vice versa. Where the intent of the parties appears to have been to pass the estate, courts are inclined to give effect to that intent, as far as possible. In the present case, the intent is obvious, and the deed, in judgment of law may be considered as a bargain and sale. Again as ño adverse possession appears to have existed at the time, (and it is not to be presumed,) it may be inferred that the possession accompanied the deed ; and the release may be made effectual by considering it as a grant, or that possession went with it, as circumstances may require. .
Judgment for'the plaintiff.

 See infra vol. 3, p. 12i, n. fa) to Jackson ex deni. Ganzevoort v. Lunn. p. 109.